# Brackston *v.* Montooth Coal Company, Appellant.

*Deeds—Reservation "Coal rights and privileges"—Mines and mining.*

A deed granted to a coal company all the coal lying on the south side of a designated creek with certain designated surface rights on the lands on the south side of the creek. By a later clause in the same deed there was granted certain surface and other rights on the lands of the grantor on the north side of the creek for the purpose of operating the coal of the lands on the south side of the creek. The grantor subsequently died devising his lands to his son. The son subsequently executed a deed conveying to his grantee the land on the north side of the creek. In this deed the son reserved "the coal and coal rights and privileges in said described premises recited in deed" executed by his

father, and duly recorded. *Held*, that the deed from the father did not include coal under the land north of the creek, and that the reservation in the deed of the son did not reserve the coal under the land lying north of the creek, but only the coal rights and privileges on the lands on the north side as specified in the father's deed.

Argued Oct. 19, 1910. Appeal, No. 52, Oct. T., 1910, by defendant, from decree of C. P. No. 1, Allegheny Co., June T., 1909, No. 92, on bill in equity in case of W. J. Brackston et al. v. Montooth Coal Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction. Before BROWN, P. J.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree awarding injunction.

*Arthur E. Young*, of *Young, McClintock & Painter*, for appellant.—The intent to except coal and reserve coal rights is clear and the contents of Deed Book 151, p. 276, should not be allowed to defeat this intent: Baker v. McDowell, 3 W. & S. 358; Hads v. Tiernan, 25 Pa. Superior Ct. 14; Wager v. Wager, 1 S. & R. 374.

When the intention of the parties is ascertained, the rule that deeds should be construed most strongly against the grantor is subservient to the intention: Altman v. McBride, 4 Starb. 208 (S. C.); Wiley v. Sidons, 41 Iowa, 224; Biddle v. Vandeventer, 26 Mo. 500; Baker v. McDowell, 3 W. & S. 358.

*Edward H. Flood*, with him *Edward J. I. Gannon*, for appellees.

OPINION BY MR. JUSTICE MESTREZAT, January 3, 1911:
The learned court below has correctly found and stated the facts of the case, and we think its conclusion is right. The clause in the plaintiffs' deeds out of which the

question in dispute arises follows the habendum clause, and is as follows: "Subject, however, to the coal rights and privileges in said described premises, recited in deed recorded in Deed Book, vol. 151, p. 276, recorder's office of Allegheny county, which coal and coal rights and privileges are hereby expressly reserved and excepted from this grant and conveyance." The deed referred to in the clause is an agreement between William Boggs and the Pittsburg Coal Company, dated September 16, 1861, by which Boggs granted to the company all the bituminous coal in the vein of coal then opened which was contained in and under his lands, lying on the south side of Saw Mill Run with certain designated surface rights on said lands. There was also granted the right to take stone and water, and the right of way for railroads with necessary switches, turn-outs, tunnels, an engine house, a well, a cistern, inclined planes, platform, room for a dwelling near the engine house and all necessary and convenient privileges for the complete equipment and working of said railroads and inclined planes on the lands of the said Boggs on the north side of Saw Mill Run, for the purpose of operating the coal on the lands on the south side of the run.

The plaintiffs claim title to their lands through deeds from S. L. Boggs who derived title as devisee under the will of William Boggs, deceased, probated December 21, 1867. The defendant company is mining the coal under an operating agreement with S. L. Boggs, dated January 2, 1909, which grants to the company the exclusive right and privilege of mining and taking away the Pittsburg vein of coal underlying a tract of land north of Saw Mill Run of which the plaintiffs' lots are a part.

The right of the defendant company to mine and remove the coal depends, as we have said, upon the interpretation of the clause in the plaintiffs' deeds immediately following the habendum clause, and quoted above. It is contended by the defendant that the clause in question excepted and reserved from the conveyances the coal under the lands granted by S. L. Boggs to the plaintiffs. This

contention was not sustained by the court below, and it held, and we think correctly so, that the clause does not refer to or include the coal under the plaintiffs' lands which lie north of Saw Mill Run, but only such coal rights and privileges on and over the land north of the run as were granted by the agreement of William Boggs to the Pittsburg Coal Company. This agreement, as we have seen, was executed in 1861, when William Boggs, the father of S. L. Boggs, owned land on both sides of the run. S. L. Boggs acquired his title six or seven years after the grant by his father, William Boggs, to the Pittsburg Coal Company. He, therefore, took the land north of Saw Mill Run, subject to his father's grant to the coal company. It was then encumbered by the mining or surface rights, which were owned by the coal company. The agreement between William Boggs and the company was of record, and a grantee of S. L. Boggs of any part of the land devised to him would take it subject to the rights of the company therein.

Read in the light of these facts and circumstances, the clause in question, inserted in the habendum clauses in the plaintiffs' deeds, is readily understood and easily construed. The "coal rights and privileges" to which the lands of the plaintiffs are subject are those recited in the deed to the Pittsburg Coal Company, and which are in and upon the "said described premises," conveyed to the plaintiffs. These are "the coal and coal rights and privileges" which are "expressly reserved and excepted" from the conveyances. By no fair interpretation of the language used in the clause can it be extended so as to include the coal under the land north of Saw Mill Run. If S. L. Boggs had conveyed the land to the plaintiffs without the "subject" clause, he would have been liable on his warranty, if the Pittsburg Coal Company had asserted its rights and privileges on the land north of the run which it obtained by the agreement with William Boggs.

We are all of the opinion that the clause in question

did not except and reserve from the grant to the plaintiffs, the coal under the lands lying north of Saw Mill Run, and that the injunction against the defendant company was properly granted.

The decree is affirmed.